T.C. Summary Opinion 2011-72


UNITED STATES TAX COURT


ALICE SCHNEIDER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2712-10S.               Filed June 16, 2011.


Alice Schneider, pro se.

<u>Carmen N. Presinal-Roberts</u>, for respondent.


JACOBS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and

all Rule references are to the Tax Court Rules of Practice and
Procedure.

Respondent determined a deficiency of $7,500 in petitioner's
Federal income tax for 2008. The issue for decision is whether
petitioner is entitled to the first-time homebuyer credit as
provided in section 36.

Background

Some of the facts have been stipulated and are so found.
The stipulation of facts and the attached exhibits are
incorporated herein by this reference. Petitioner resided in New
York when the petition was filed.

Petitioner's mother died testate on January 12, 2002. In
her will, petitioner's mother bequeathed her property to her
seven children (including petitioner) "in equal shares, share and
share alike." Thus petitioner inherited a one-seventh share of
her mother's estate (sometimes referred to as the estate).

The estate held an ownership interest in a cooperative
apartment in midtown Manhattan (the co-op). On September 17,
2008, petitioner entered into a contract to purchase the co-op
from the estate for $235,000. The contract lists petitioner as
the "Purchaser" and the estate as the "Seller" of the co-op.[1]

---

[1]According to petitioner, the attorney who represented both
her and the estate advised her that it would be "cleaner" to
purchase the co-op from the estate rather than from her siblings.

One of petitioner's sisters, in her capacity as the executrix of the estate and under the powers granted to her by the mother's will, signed the contract on behalf of the estate. Clause 31 of the contract provides that petitioner "shall be entitled to a credit at closing of a sum equal to one-seventh of the 'net' profit to the estate from the sale after all expenses of the estate in the sale, taxes, estate legal fees, etc."

Closing for the sale of the co-op occurred on November 12, 2008. At closing, petitioner (1) received a credit of $29,000 towards the purchase price (representing her one-seventh distributive share of the estate) and (2) issued two checks--a $23,000 certified check and a $276 personal check, both payable to the estate. Petitioner borrowed $185,000 to pay the remaining amount owed on the purchase of the co-op.[2] On November 16, 2008, the estate, through the executrix, issued checks to petitioner's six siblings representing their respective distributive shares of the estate.

Petitioner timely filed a 2008 Federal income tax return on which she claimed a first-time homebuyer credit of $7,500. Form 5405, First-Time Homebuyer Credit, was attached to the return.

---

[2]The record does not reveal the reason for the difference between the $237,276 sum of the aforementioned credit and payments ($29,000 + $23,000 + $276 + $185,000) and the $235,000 purchase price.

## Discussion

Section 36(a) provides a refundable tax credit to the first-time homebuyer of a principal residence in the United States. The amount of the tax credit is 10 percent of the purchase price of the residence, with a limitation of $7,500.  Sec. 36(b)(1)(A).[3]

Section 36(c)(1) defines a "first-time homebuyer" as any individual (and if married, the individual's spouse) having no present ownership interest in a principal residence during the 3-year period ending on the date of the purchase of the principal residence.  Section 36(c)(2) provides that the term "principal residence" has the same meaning as that used in section 121. Section 1.121-1(b)(1), Income Tax Regs., provides that a residence includes a house or apartment that a taxpayer is entitled to occupy as a tenant-stockholder in a cooperative housing corporation.

Respondent does not dispute that petitioner qualifies as a first-time homebuyer.  Further, he does not dispute that the co-op petitioner acquired qualifies as a "principal residence" within the purview of section 36.  However, respondent asserts, and we agree, that petitioner's acquisition of the co-op from her

---

[3]Although referred to as a "credit", for the tax year in question (i.e., 2008) the first-time homebuyer credit is essentially a governmental, non-interest-bearing loan inasmuch as the recipient taxpayer must repay the credit over a 15-year period.  Sec. 36(f).

mother's estate does not qualify as a "purchase" for purposes of section 36.  Our reasoning in this regard follows.

Section 36(c)(3) defines a "purchase" for purposes of section 36.

SEC. 36.  FIRST-TIME HOMEBUYER CREDIT

(c) Definitions.--For purposes of this section--

\*     \*     \*     \*     \*     \*     \*

(3) Purchase.--

(A) In general.--The term "purchase" means any acquisition, but only if--

(i) the property is not acquired from a person related to the person acquiring such property, and

(ii) the basis of the property in the hands of the person acquiring such property is not determined--

(I) in whole or in part by reference to the adjusted basis of such property in the hands of the person from whom acquired, or

(II) under section 1014(a) (relating to property acquired from a decedent).

\*     \*     \*     \*     \*     \*     \*

(5) Related persons.--A person shall be treated as related to another person if the relationship between such persons would result in the disallowance of losses under section 267 or 707(b) (but, in applying section 267(b) and (c) for purposes of this section, paragraph (4) of section 267(c) shall be treated as providing that the family of an individual shall include only his spouse, ancestors, and lineal descendants).

Petitioner's acquisition of the co-op is not a "purchase" as defined in section 36(c)(3).  Petitioner acquired the co-op from "related persons" in contravention of the mandate of section 36(c)(3)(A)(i), in that petitioner purchased the co-op from the executrix of her mother's estate, a related person.[4]

Petitioner maintains that (1) purchasing the co-op from her mother's estate is the "same thing" as purchasing the co-op from her siblings, and (2) her siblings are not her lineal descendants.  Thus, she posits her acquisition of each of her siblings' one-seventh interests in the co-op qualifies for the section 36 tax credit.

Although petitioner's siblings ultimately received the proceeds from the sale of the co-op, petitioner's acquisition of the co-op was cast as a purchase from her mother's estate; and it is a well-accepted tax principle that a taxpayer is bound by the form given to the transaction.  See Don E. Williams Co. v. Commissioner, 429 U.S. 569, 579-580 (1977); Senra v. Commissioner, T.C. Memo. 2009-79.  In this regard, the Supreme Court has held that a taxpayer must accept the tax consequences of his or her choice and may not enjoy the benefit of some other route he or she might have chosen to follow but did not.

---

[4]Sec. 267(b)(13), to which we are directed by sec. 36(c)(5), provides that "Except in the case of a sale or exchange in satisfaction of a pecuniary bequest, an executor of an estate and a beneficiary of such estate" are related persons.

Commissioner v. Natl. Alfalfa Dehydrating & Milling Co., 417 U.S. 134, 149 (1974).

To conclude, we sustain respondent's disallowance of the $7,500 first-time homebuyer credit as claimed on petitioner's 2008 Federal income tax return.

To reflect the foregoing,

Decision will be entered for respondent.